# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONNITA LOPEZ-PEREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01201-MTS |
| ) | |
| DW TOOL, *doing business as* ) | |
| QUALITY PACKAGING INDUSTRIES, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant D-W Tool, Inc.'s Motion to Dismiss for failure to state a claim upon which relief can be granted.  Doc. [17]; *see also* Fed. R. Civ. P. 12(b)(6).  The Court has reviewed the Motion, the Memorandum in Support thereof, and Plaintiff's Motion to Continue, which the Court construes as her opposition to Defendant's Motion.  In addition, the Court carefully has reviewed Plaintiff's Amended Complaint in full, including her charge of discrimination.  *See Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012) (per curiam) (noting a charge of discrimination and a complaint should be read together).  After due consideration, with the proper standards in mind, *see Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010) (explaining standard of review on motion to dismiss for failure to state a claim); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"), the Court finds Defendant's Motion is well taken.

First, the Court agrees with Defendant that Plaintiff has failed to exhaust all—or, at the very least, nearly all—of her claims. In the Amended Complaint, she alleges Defendant discriminated against her on the basis of her race, national origin, and gender. Doc. [15] at 5. In her Charge of Discrimination, though, she listed only discrimination based on national origin. *Id.* at 9. But what is more, there are no facts contained in her Charge of Discrimination that describe discrimination based on *any* protected characteristic or activity. The only thing that comes even remotely close to one is her statement that, in August of 2023, she married "a Hispanic individual," and that, in November of that year, another employee "became upset" and said to Plaintiff, "'[f]uck you and your husband.'" *Id.* at 9–10. Thus, Plaintiff's Charge of Discrimination did not provide sufficient notice of any of Plaintiff's claims here, and she therefore failed to exhaust the claims she now purports to bring. *See Malone v. Ameren UE*, 4:09-cv-0053-ERW, 2010 WL 750075, at *1 (E.D. Mo. Mar. 2, 2010) ("Failure to include each type of discrimination asserted in an EEOC charge is equivalent to a failure to exhaust administrative remedies with respect to those types of discrimination."); *Graham v. Bryce Corp.*, 348 F. Supp. 2d 1038, 1042 (E.D. Ark. 2004) ("Nothing in the charge put the EEOC or [the defendant] on notice that she would later bring a claim for retaliation on any set of facts.").

Even if she did exhaust her claims, though, her Amended Complaint fails to state a claim on which relief can be granted because it fails to state a plausible claim for relief. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (explaining that though a plaintiff "need not plead facts establishing a prima facie case of discrimination

under *McDonnell Douglas* in order to defeat a motion to dismiss," the complaint still must contain enough facts to state a claim to relief that is plausible on its face); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] complaint that states a plausible claim for relief survives a motion to dismiss."). Plaintiff's Amended Complaint is devoid of *facts* that show discrimination or harassment based on any protected class or that show retaliation.

Plaintiff's repeated use of the term "harassment," without any accompanying facts, does not suffice. *See Amick v. Ohio Dep't of Rehab. & Correction*, 521 F. App'x 354, 359 (6th Cir. 2013) (explaining that a plaintiff's "pleading obligation 'requires more than labels and conclusions'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005) ("Treating factual allegations differently from legal conclusions is sensible."). Even for a pro se plaintiff, the Court "will not supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant D-W Tool, Inc.'s Motion to Dismiss, Doc. [17], is **GRANTED**. The Court will enter herewith an Order of Dismissal, which will dismiss this action with prejudice.

Dated this 30th day of June 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE